United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ADEKUNLE OLOBA-AISONY, | Case No. 19-cv-02080-LB |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, | Re: ECF No. 1 |
| Defendant. | |

**INTRODUCTION**

Adekunle Oloba-Aisony, an inmate currently housed at Salinas Valley State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 6.)[1] His complaint is now before the court for review. This order finds that the complaint states cognizable claims and orders service of process on the defendant.

**STATEMENT**

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Proposition 57 added Article I, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration:

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 19-cv-02080-LB

Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const. art. I, § 32(a)(1).

One of the implementing regulations provides that an inmate is not eligible for nonviolent offender parole consideration if the "inmate is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." Cal. Code Regs. tit. 15, § 3491(b)(3).

Mr. Oloba-Aisony alleges in his complaint that he was convicted in 2016 of dissuading a witness and sentenced to a total of 9 years, and is "eligible for parole consideration after 2 years of completing the full term of his primary offense." (ECF No. 1 at 3.) He also alleges that he is eligible for parole consideration under the non-violent parole process (NVPP) set up to implement Proposition 57. He further alleges that the defendant, the California Department of Corrections and Rehabilitation (CDCR) improperly has denied him consideration under the NVPP because he has a sex offense for which he must register as a sex offender. He alleges that the CDCR promulgated the regulation, Cal. Code Regs. tit. 15, § 3491(b)(3), that disallows NVPP consideration for certain sex offenders like him; that regulation allegedly is inconsistent with Proposition 57, which did not exclude sex offenders from the NVPP. Mr. Oloba-Aisony contends that CDCR violated his rights to equal protection and to be free of ex post facto laws by promulgating the regulation and relying on it to deny him consideration under the NVPP.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). The complaint alleges that in promulgating and implementing the new regulation disallowing participation in the NVPP for certain sex offenders, the CDCR is treating sex offenders including Mr. Oloba-Aisony "differently from other prisoners of same category of crime." (ECF No. 1 at 4.) Liberally construed, the *pro se* complaint appears to state a cognizable claim for a violation of Mr. Oloba-Aisony's Fourteenth Amendment right to equal protection of the laws.

Article I, section 10 of the United States Constitution prohibits the States from passing any ex post facto law. "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted). Some retroactive changes in parole laws may violate the Ex Post Facto Clause, but "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." *Garner v. Jones*, 529 U.S. 244, 250 (2000). The critical inquiry in examining a change to a parole law is "whether retroactive application of the change . . . create[s] 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id.* (quoting *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 509 (1995)). The complaint appears to allege that the regulation promulgated and implemented by the CDCR that has caused Mr. Oloba-Aisony to be deemed ineligible for the NVPP has resulted in the infliction of a greater punishment than that to which he otherwise was subject under the law as it existed before that regulation was promulgated. Liberally construed, the *pro se* complaint appears to state a claim for a violation of Mr. Oloba-Aisony's federal constitutional right

to be free of ex post facto laws.

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against the California Department of Corrections and Rehabilitation.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the California Department of Corrections and Rehabilitation.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **September 6, 2019**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

   b. The plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **October 4, 2019**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **October 18, 2019.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

1  to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in
2  every pending case every time he is moved to a new facility or is released from custody.

3  8. The plaintiff is cautioned that he must include the case name and case number for this case
4  on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 10, 2019

_____
LAUREL BEELER
United States Magistrate Judge